## Del Castello v. Del Castello

*Harold B. Ramsey,* for plaintiff.

BROOMALL, J., March 13, 1931.—The bill in the above case, filed June 27, 1930, is based upon the desertion of plaintiff by defendant. No answer has been filed by defendant. A petition for service by publication was presented to the court and granted, and proof of service by publication filed.

The bill as filed, with briefs submitted, requests equitable relief under the Act of May 23, 1907, P. L. 227, as amended by the Acts of April 27, 1909, P. L. 182, and July 21, 1913, P. L. 867, and the Act of May 24, 1923, P. L. 446. Testimony was lodged December 3, 1930.

### Findings of fact

1. Plaintiff and defendant were married April 16, 1900, in the City of Philadelphia, State of Pennsylvania, where they resided together as husband and wife until January, 1928, at which time they took up their residence at Yeadon, Delaware County, Pennsylvania, living together there as husband and wife until November 19, 1929, on which date defendant disappeared, has not been heard from in any manner since that date, and has continued since that time to absent himself from the common domicile of plaintiff and defendant in Yeadon, this county. His present whereabouts are unknown.

2. One child, Viola Del Castello, was born to said parties on May 16, 1908, which child is now living with her mother, the plaintiff, in the Borough of Yeadon aforesaid.

3. Immediately prior to the disappearance of and desertion by defendant, he had been committed to the Pennsylvania Hospital, Philadelphia, suffering from a nervous breakdown.

4. Defendant has made no contribution whatever to the support of his wife and daughter since his disappearance on November 19, 1929. They have been living since that time upon the income of the daughter, Viola Del Castello, who is a school teacher.

5. At the time of the disappearance and desertion of defendant, he was the owner or reputed owner of certain real and personal property. . . .

6. All the above enumerated real estate is held in the name of Ralph Del Castello and Concetta, his wife, as tenants by entireties.

7. No evidence was adduced to show what proportion of the original purchase price of the real estate was furnished by the wife.

8. The daughter, Viola Del Castello, since the disappearance and desertion of the husband and father, has paid taxes, building and loan dues and premiums on insurance due on the real and personal property of the husband and father.

9. Plaintiff is without means of support except that provided by her daughter, Viola Del Castello, the child of plaintiff and defendant.

10. The wife and daughter have remained in and maintained to the best of their ability the home at Yeadon, this county, and there is every reason to believe defendant has permanently absented himself from the home and from the jurisdiction of this court and from the Commonwealth of Pennsylvania.

## Conclusions of law

Under the evidence adduced it has been established:

1. That by virtue of these proceedings and the acts of assembly, *supra*, the plaintiff is entitled to realize on the real and personal property held by defendant, and by plaintiff and defendant as tenants by entireties.

2. Section one of the Act of May 24, 1923, P. L. 446, provides, *inter alia*, that where a husband and wife own realty by entireties and the wife secures an order for support and it is certified to the court of common pleas of the county in which the realty so held by entireties is situated, execution may issue. Section two of said act provides that the wife shall be entitled out of the proceeds of such sale to such sum of money as represents her share in such property, based on the proportionate part of the original purchase money furnished by her for the purchase of such property. She may petition the court of common pleas of the county where such real estate is situate, either before or after sale of such property on execution, setting forth her claim, and the said court shall fix a day to hear the same. Section three of said act provides, further, that the court of common pleas shall, at the time of the hearing or thereafter, appoint a trustee who shall receive from the sheriff the proceeds of the sale of such property after the costs have been paid. Such trustee shall out of the funds pay to the aforesaid wife such amount of money as the court may have decreed to her as her share in the property sold, or if such decree has been made prior to the sale, then such proportionate part of the said proceeds as the court has found the wife to have contributed towards the purchase of the property; also such amount of money as she may be entitled to under any order of court for the support of herself or of the children of her said husband.

3. Plaintiff is entitled to receive out of the amount to be realized from the sale of the real estate: first, her proportionate share, to be determined by the court of common pleas of the county where such real estate is situate; and, second, an aggregate sum in the amount of $675, being an amount computed at the rate of $10 per week from November 20, 1929, to date of this decree, and each week thereafter a further sum of $10, said sums to be paid out of

any balance remaining in the hands of the trustee, after payment of plaintiff's share as tenant by entireties; and the amount realized from the sale and acquisition of the personal property.

## Discussion

These proceedings appear to be regular, and under the facts found the only question is what amounts should be paid from the fund to be realized and to whom.

Counsel for plaintiff has requested certain immediate and future allotments; also payment to the daughter for money expended by her for the account of her mother, and, what we must say, for the joint account of her father and mother. While the daughter could be reimbursed for the money expended by her for her father and mother under certain conditions, in the instant case it would seem to be her duty to take care of her mother as far as possible.

It is well established that where a man separates himself from his wife without reasonable cause, and neglects or refuses to provide suitable maintenance for her, the court has power to make such decrees as the exigencies demand.

On a bill in equity filed by the wife under the acts above cited, where notice is effected by publication, judgment for want of an appearance and answer taken *pro confesso*, and where the evidence shows the place and date of marriage, desertion by the husband, and his refusal to provide for her, equity will decree that the trustee sell the available property of the husband to provide maintenance for the wife: Sutliff *v.* Sutliff, 24 Luzerne 425.

The plaintiff should have the relief prayed for, and our decree is made accordingly.

## Decree nisi

And now, to wit, March 13, 1931, upon due consideration, it is ordered, adjudged and decreed:

1. That under and by virtue of these proceedings and the acts of assembly made and provided, the prayer of the petitioner is granted.

2. That a trust fund be created to be drawn upon and used as directed by this decree, and Joseph Amoroso, of No. 4, Bartel Avenue, Ridley Park, this county, is hereby named trustee, said trustee to enter into a recognizance with security in the sum of $1000.

3. That the personal property of defendant, being an Essex coach, model 1927, bank accounts in the Philadelphia Saving Fund Society, Eighth and Walnut Streets, Philadelphia, in the amount of $21.08 and accrued interest, and in the Market Street Title & Trust Company, Fifty-second and Market Streets, Philadelphia, in the amount of $6 and accrued interest; and insurance policy No. 920082 in the Immediate Benefit Life Insurance Company of Baltimore City, in the amount of $250 with accrued interest or dividends, payable to defendant, Ralph Del Castello, December 26, 1930, be converted to and for the use of said trustee account.

4. That the real estate, being premises Nos. 1902 and 1904 Morris Street and No. 4703 Westminster Avenue, all in the City and County of Philadelphia, state aforesaid, held by the said Concetta Del Castello and Ralph Del Castello as tenants by entireties, be sold and the proceeds therefrom apportioned as follows:

(a) The trustee above named shall pay to plaintiff, Concetta Del Castello, her proportionate share of the amount realized from the sale of the realty

held by her and Ralph Del Castello as tenants by entireties, said share to be fixed by the court after hearing held subsequent to the sale of said realty.

(b) The balance of the money so realized from the sale of the real estate, together with that realized from the sale and acquisition of the personal property, shall be placed in said trustee account, trustee to pay from such fund to plaintiff, Concetta Del Castello, an aggregate sum in the amount of $675, being an amount computed at the rate of $10 per week from November 20, 1929, to date of this decree, and for each week thereafter a further sum of $10 per week.

5. All the above in accordance with the Act of May 23, 1907, P. L. 227, as amended by the Acts of April 27, 1909, P. L. 182, and July 21, 1913, P. L. 867, and the Act of May 24, 1923, P. L. 446.

The prothonotary is directed to enter and to give notice of this decree *nisi* as required by the equity rules.  From William R. Toal, Media, Pa.